FILED
United States Court of Appeals
Tenth Circuit

November 15, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

JUAN CARLOS CASTELO ARMIENTA,

     Defendant - Appellant.

No. 15-6205
(D.C. No. 5:14-CR-00294-R-1)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **MURPHY**, and **PHILLIPS**, Circuit Judges.
_____

     After entering into a plea agreement that included a broad appeal waiver,

Defendant Juan Carlos Castelo Armienta pleaded guilty on March 5, 2015, to one count

of conspiracy to possess with intent to distribute, and to distribute, methamphetamine in

violation of 21 U.S.C. §§ 841(b)(1)(A), 846.  He was sentenced on October 14, 2015, to

180 months' imprisonment.  Though above the 10-year mandatory minimum, the

sentence fell below the advisory guidelines range of 292 to 365 months.  Despite the

appeal waiver, Defendant filed an appeal challenging his sentence as substantively

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously
that oral argument would not materially assist in the determination of this appeal.  *See*
Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted
without oral argument.  This order and judgment is not binding precedent, except under
the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R.
32.1.

unreasonable. In its response brief, the government requests that this court enforce the waiver under *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam). We grant the request and dismiss this appeal.

Hahn set forth three factors to consider in evaluating an appeal waiver: "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id.* at 1325. We need not address the factors because the opening brief submitted by counsel for Defendant does not address the appeal waiver and no reply brief was filed. *See United States v. Porter*, 405 F.3d 1136, 1143 (10th Cir. 2005) (declining to address *Hahn* factor not contested by defendant). But in any event, our independent review of the record confirms that all *Hahn* factors support enforcing the waiver.

First, the issue raised by Defendant falls within the scope of the appeal waiver. The waiver provides:

> Except as stated immediately below, defendant waives his right to appeal his sentence as imposed by the Court, including any restitution, and the manner in which the sentence is determined. If the sentence is above the advisory guideline range determined by the Court to apply to his case, this waiver does not include the defendant's right to appeal specifically the substantive reasonableness of his sentence;

Plea Agreement, R., Vol. 1 at 33. A challenge to the substantive reasonableness of a *below*-guidelines sentence does not come within the waiver's exception. Second, the record reflects that Defendant knowingly and voluntarily waived his right to appeal. The plea agreement that he signed shows both that he understood that he had a right to appeal

2

and that he chose to "knowingly and voluntarily" waive most of that right. *Id.* And the district court confirmed with him at the plea hearing that he understood the nature of the charge and the maximum penalty, that he understood the consequences of the appeal waiver, and that he was entering his plea voluntarily. Finally, we see nothing to suggest that enforcement of the appeal waiver would cause a miscarriage of justice.

We GRANT the government's request to enforce the appeal waiver and DISMISS this appeal.

Entered for the Court


Harris L Hartz
Circuit Judge